# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2022

Lyle W. Cayce
Clerk

No. 20-60904
Summary Calendar

Daniel Jonathan Juarez; Lucrecia Maribel Abrego De
Juarez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 067 105
Agency No. A206 067 106

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Daniel Johnathan Juarez and Lucrecia Maribel Abrego De Juarez, natives and citizens of Guatemala, petition for review of a decision by the Board of Immigration Appeals (BIA) dismissing their appeal from the denial

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of their application for cancellation of removal.  The couple argues that the BIA "overlooked and misperceived abundant evidence" of the hardship that their qualifying relatives would face were the couple removed and also failed to consider the evidence of hardship in the aggregate as required by prior case law.

Cancellation of removal is available to applicants who have been continuously present in the United States for at least ten years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed.    8 U.S.C. § 1229b(b)(1).    Although 8 U.S.C. § 1252(a)(2)(B)(i) deprives this court of jurisdiction to review the denial of discretionary relief of cancellation, the agency decision whether a non-citizen has sufficiently demonstrated exceptional and extremely unusual hardship for a qualifying relative requires the application of the legal standard to established facts and is therefore reviewable.  *Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021).

We review the BIA's order and consider the immigration judge's underlying decision only to the extent it influenced the BIA's determination. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Although we review the agency's legal conclusions de novo, *Guerrero Trejo*, 3 F.4th at 774, we may not review the fact findings of the agency in cancellation of removal cases, *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022); § 1252(a)(2)(B)(i).

Despite Juarez's and Abrego de Juarez's assertions to the contrary, the consequences facing their children, his father, and her mother if the couple were removed are not "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Guerrero Trejo*, 3 F.4th at 775 (quoting *Matter of Monreal-Aguinaga*, 23 I. & N.

No. 20-60904

Dec. 56, 62 (BIA 2001)).  Moreover, although Juarez and Abrego de Juarez claim that the BIA failed to consider the hardship factors in the aggregate, the record reflects that the agency explicitly considered the medical, financial, emotional, and physical factors in the aggregate before determining that they failed to demonstrate an extremely unusual hardship to their qualifying relatives.  As to the couple's argument that the agency failed to properly weigh the factors in favor of cancellation, we lack jurisdiction to consider this challenge to the agency's discretionary denial of relief.  *See* § 1252(a)(2)(B)(i); *Guerrero Trejo*, 3 F.4th at 773-74.

The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.